CASES CLOSED

AMENDED

# United States District Court
# Central District of California

| | |
|---|---|
| MARQUISE DEDMON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Case Nos.<br>CR 07-00404-ODW-1<br>CR 07-00725-ODW<br>CV 17-00676-ODW<br><br>**MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(I) GRANTED ON THE BASIS OF AN EXCESSIVE SENTENCE UNDER THE FIRST STEP ACT.** |

　　　　Dedmon was convicted in two related cases, designated as Nos. CR 07–00404-RHW and CR-07-00725-RHW. Both cases are relevant to Dedmon's current claim and pertain to his participating in a series of bank robberies.

　　　　On July 11, 2008, Dedmon pled guilty to counts one, two, four and five of the five-count indictment in CR-07-404-RHW and to count two of the two-count indictment in CR 07-00725-RHW. (PSR ¶ 3.)

　　　　Count one of CR 07-00404-RHW alleged that Dedmon conspired with others to commit a series of bank robberies in violation of 18 U.S.C. § 2113(a). Counts two and four of that indictment charge bank robbery in violation of 18 U.S.C.

§ 2113(a)(d). (PSR ¶ 15.)

Count five of that indictment alleged that Dedmon used and carried a firearm, namely a handgun, during and relation to a crime of violence, specifically bank robbery, the subject of Count Four, and in so doing, that Dedmon brandished the firearm in violation of 18 U.S.C. § 924(c). (*Id.* ¶ 7.)

Count Two of the indictment in CR-07-00725-RHW alleged that during the robbery of a credit union Dedmon threatened the credit union employees with a handgun while demanding money. (*Id.* ¶ 18.) Count two further alleged that Dedmon used and carried a firearm, namely, a handgun, during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*Id.* ¶ 8.) This is the second § 924(c) conviction.

On October 12, 2011, the Court sentenced Dedmon on both cases to a total sentence of 32 years of imprisonment. (*See* DE-249.) Dedmon's sentence was comprised of one-month imprisonment on each of Counts one, two, and four, plus seven years imprisonment on Count five in CR-07-00404-RHW, and 25 years imprisonment on Count two in CR-07-00725-RHW. (*Id.*) It was ordered that the sentences on Count two of CR 07-00404-RHW and Count five of CR 07-00725-RHW were to be served consecutively. *(Id*.) The total sentence was 32 years.

Dedmon argues that extraordinary and compelling reasons exist for a reduction in his sentence. The Court agrees.

**THE FIRST STEP ACT HAS RENDERED THE FORMER STACKING PROVISIONS OF § 924(C) EXCESSIVE.**

Dedmon was convicted of two § 924(c) offenses and was sentenced to the Pre-First Step Act provisions of that section. Prior to the First Step Act, the first § 924(c) conviction called for a 5-year mandatory minimum sentence. He was given 7 years. A second or subsequent § 924(c) conviction carried a 25-year mandatory minimum sentence even if both offenses occurred at the same time or the convictions were obtained in the same case. Consequently, 32 years of Dedmon's sentence were

the result of these two § 924(c) convictions. By any reasonable matrix such a sentence is more than sufficient to accomplish the purposes of sentencing as listed in § 3553(a)(2). The harshness of the sentence alone qualifies as "extraordinary and compelling" to warrant a reduction pursuant to § 3582(c)(1)(A)(i).

After the First Step Act, § 924 was amended to provide that "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final the person shall - (I) be sentenced to a term of imprisonment of not less than 25 years." (emphasis added.)

If Dedmon had been sentenced after the 2018 enactment of the First Step Act (Public Law 115-391) he would have received a five-year consecutive sentence on each of his two § 924(c) convictions for a total on the two offenses of 12 years, not 30. The 25-year mandatory minimum sentence for a second or subsequent conviction of § 924(c) "even if the first section 924(c) conviction was obtained in the same case and is therefore not final" is no longer the law. *United States v. Brown*, 78 F.4th 122, 130 (4th Cir 2023). There can be little dispute that the 20-year enhancement constitutes an extraordinary and compelling reason to reduce Dedmon's sentence.

For these reasons, Dedmon's § 3582 Motion for reduction of his sentence is **GRANTED**. **His sentence is hereby reduced by 20 years.** It would appear that the balance of the 32-year total sentence, or 12 years, has been served. Therefore, the court amends the sentence, by this order, to a sentence of TIME SERVED.

**IT IS SO ORDERED.**

May 22, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**